**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-17-08079-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| $74,300.00 in United States Currency, | |
| Defendant. | |

At issue is Plaintiff United States of America's ("Government") Motion for Summary Judgment (Doc. 24, Mot.), to which *pro se* Claimant James Brown has filed a Response (Doc. 30, Resp.) and the Government has filed a Reply (Doc. 31, Reply). Because Claimant's untimely response constituted consent to summary judgment, the Court grants the motion.

Given the Court's procedural basis for granting summary judgment, there is no need to recount the case's entire factual background. Stated briefly, the Government seeks the forfeiture of $74,300.00 seized from Claimant's car following a traffic stop citing evidence suggesting the money is related to drug trafficking. (*See generally* Mot.) After the Government filed its motion on March 21, 2018, the Court entered an Order advising Claimant that a response was due no later than April 23 and that failure to file a timely response "will result in the Court deeming Plaintiff's Motion as being unopposed and consented to by Claimant." (Doc. 26, Mar. 22, 2018 Order.) Claimant filed his Response on June 15.[1] (*See* Resp.)

---

[1] Claimant also filed his own Motion for Judgment (Doc. 28) on May 9. Even were the Court to consider that motion a response to Plaintiff's motion, it remains untimely.

Local Rule 7.2(i) provides in relevant part that "if the unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Though Claimant's *pro se* status entitles his pleadings to liberal construction, he is no less bound by the rules of civil procedure than a represented party. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). "That responsibility extends to the local rules of district courts." *Finch v. Mountain Park Health Ctr.*, No. CV-15-01503-PHX-SRB, 2017 WL 5973344, at *1 (D. Ariz. Oct. 3, 2017) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). Despite both the local rule's and the Court's explicit warnings, Claimant filed his response nearly two months late without once seeking an extension. True to its word, the Court accordingly construes Claimant's noncompliance as consent. *See Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994) (affirming grant of summary judgment for failure to timely respond where local rule was permissive and district court cautioned that noncompliance would be considered consent); *accord Cristobal v. Siegel*, 26 F.3d 1488, 1493 n.2 (9th Cir. 1994).

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Summary Judgment (Doc. 24).

**IT IS FURTHER ORDERED** denying as moot Claimant's Motion for Judgment, Motion for Return of Currency (Doc. 28).

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment for Plaintiff and to close this case.

Dated this 28th day of March, 2019.

Honorable John J. Tuchi
United States District Judge